

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JULIO MOLINAR, | | No. 08-15-00083-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 65th District Court |
| | § | |
| S.M., | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2011PO1176) |
| | § | |

**O P I N I O N**

Julio Molinar appeals from an order denying his motion to vacate an agreed protective order. We affirm.

**FACTUAL SUMMARY**

On February 17, 2011, M.V. filed an application for a protective order on behalf of her minor daughter, S.M., alleging that Julio Molinar had committed acts of family violence and sexual assault against S.M. She sought a protective order under both Title 4 of the Texas Family Code[1] and Article 7A of the Texas Code of Criminal Procedure.[2] The hearing before an associate judge was attended by M.V., an Assistant El Paso County Attorney, and Molinar's

---

[1] *See* TEX.FAM.CODE ANN. §§ 85.001-88.008 (West 2014 & Supp. 2016).

[2] *See* TEX.CODE CRIM.PROC.ANN. art. 7A.01-.07 (West 2015 & Supp. 2016).

attorney.[3]  Molinar did not attend the hearing.  The parties entered into an agreed protective order, and it is signed by M.V., the Assistant County Attorney, and Molinar's attorney.  The agreed protective order recites that the application is based on both the Texas Family Code and Article 7A of the Texas Family Code.  Further, the associate judge made a finding in the order that "…the parties have agreed, as evidenced by their signatures and subject to approval by the Court to the terms set out below, that such terms of the protective order are in the best interest of the applicant, the family or household, or a member of the family or household; and that such agreement shall be made a part of this Protective Order."  The agreed protective order prohibits Molinar from committing acts of family violence, communicating with S.M., going within 200 yards of her residence, school, or child care facility, and engaging in conduct directed toward S.M. or a member of the family or household, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the person.  The agreed order granted M.V. exclusive possession of S.M., prohibited Molinar from removing S.M. from M.V.'s possession or removing her from El Paso County, and further provided that Molinar shall have no visitation with the child.  Additionally, the agreed order provided that the order expires on April 7, 2024.  It is undisputed that Molinar did not request a *de novo* hearing before the referring court or file a motion for new trial.  Likewise, he did not appeal the agreed protective order.

On July 11, 2012, Molinar filed a motion to vacate the agreed protective order alleging the following grounds:  (1) there was and is no threat to S.M.; (2) S.M. is not afraid of Molinar; (3) Molinar was not present at the hearing to present evidence contrary to M.V.'s testimony; (4)

---

[3] The agreed protective order recites that a reporter's record was made of the hearing, but a transcription of the hearing has not been made part of the appellate record.

the termination date of the protective order exceeds two years; (5) Molinar has not been charged or arrested on any of the criminal allegations that M.V. alleged to obtain the protective order; and (6) M.V. pursued the protective order as a means of harassment and to terminate Molinar's visitation rights. Following a hearing, the associate judge denied the motion to vacate on January 17, 2013.

Molinar filed a second motion to vacate on July 8, 2014. The grounds alleged in the second motion are identical to the grounds in the first motion to vacate. At the hearing before the associate judge, Molinar readily admitted that he had agreed to the protective order on the advice of counsel, and he was aware that his attorney signed the protective order. Molinar had been under investigation for sexually abusing S.M. when he agreed to the protective order, but he had not been charged with any offense. He asked the trial court to vacate the protective order so that he could resume contact with his daughter. Molinar had two other children and he would like for S.M. to have a relationship with her half-siblings. The associate judge found that there was no continuing need for the protective order and granted the motion to vacate. M.V., acting on behalf of S.M., filed a request for a *de novo* hearing and the district court denied Molinar's motion to vacate.

## LACK OF STANDING

Molinar raises four issues challenging the district court's order denying his motion to vacate the agreed protective order. We find that it is necessary to address whether Molinar had standing to file a motion to vacate the agreed protective order.

The Family Code permits either the original applicant or the person subject to the

protective order to move the issuing court to reconsider the continuing need for a protective order after one year. TEX.FAM.CODE ANN. § 85.025(b). A protective order entered under Article 7A of the Code of Criminal Procedure may be rescinded only upon the request of the victim. TEX.CODE CRIM.PROC.ANN. art. 7A.07(b).

In *R.M. v. Swearingen*, --- S.W.3d ---, 2016 WL 4153596 (Tex.App.--El Paso 2016, no pet.), we held that the respondent did not have standing to file a motion to rescind a protective order issued on family violence grounds under Chapter 85 of the Family Code and sexual assault grounds under Article 7A of the Code of Criminal Procedure. The protective order in the *Swearingen* case was issued after a contested hearing and the trial court made findings related to family violence and sexual assault. Here, the applicant sought a protective order under the Family Code based upon an allegation of family violence and the Code of Criminal Procedure based upon an allegation of sexual assault. Because the parties entered into an agreed protective order as permitted by Section 85.005[4], the trial court did not make findings of family violence or sexual assault. The agreed order provides relief under both the Family Code and the Code of Criminal Procedure. For example, it prohibits Molinar from committing acts of family violence, communicating with S.M., or going within 200 yards of her residence, school, or child care facility. *See* TEX.FAM.CODE ANN. § 85.022 (protective order may prohibit person found to have committed family violence from committing family violence, community with the victim or a member of the family or household, and going to or near the residence or a person protected by an order, and from engaging in conduct directed specifically toward a person protected by an order, including following the person, that is reasonably likely to harass, annoy, alarm, abuse,

---

[4] TEX.FAM.CODE ANN. § 85.005 (authorizing the parties to enter into an agreed protective order).

torment or embarrass the person); TEX.CODE CRIM.PROC.ANN. art. 7A.05 (protective order may prohibit the alleged offender from communicating directly or direct with the applicant or any member of the applicant's family or household in a threatening or harassing manner, going to or near the residence, child care facility or school of the applicant or any member of the applicant's family or household, engaging in conduct directed specifically toward the applicant or any member of the applicant's family or household, including following the person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the person). The agreed protective order prohibits Molinar from removing S.M. from M.V.'s possession. See TEX.FAM.CODE ANN. § 85.021(1)(A)(i) (protective order may prohibit a party from removing a child who is a member of the family or household from the possession of a person named in the order). Further, the parties agreed that the protective order would be effective until the victim's 18th birthday as permitted by Article 7A.07. *See* TEX.CODE CRIM.PROC.ANN. art. 7A.07 (providing that a protective order issued under Article 7A.03 may be effective for the duration of the lives of the offender and victim or for any shorter period stated in the order). A protective order issued under Title 4 of the Family Code is limited to two years. *See* TEX.FAM.CODE ANN. § 85.025. Because the agreed protective order granted relief under both the Family Code and the Code of Criminal Procedure, we conclude that a motion to vacate the order is governed by Article 7A.07. Applying our decision in *R.M. v. Swearingen* to this case, we hold that Molinar does not have standing to file a motion to vacate or rescind the agreed protective order. *R.M. v. Swearingen*, 2016 WL 4153596 at *4.

Even if Molinar had standing to file the motion to vacate the agreed protective order, he

failed to preserve the issues raised on appeal. To raise an issue on appeal, the record must reflect that the party made the complaint in the trial court by a timely objection, motion, or request that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP.P. 33.1(a)(1)(A); *see Shoemaker v. State for Protection of C.L.*, 493 S.W.3d 710, 720 (Tex.App.-- Houston [1st Dist.] 2016, no pet.). Molinar's second motion to vacate stated six grounds for vacating the agreed protective order:

(1) there was and is no threat to S.M.;

(2) S.M. is not afraid of Molinar;

(3) Molinar was not present at the hearing to present evidence contrary to M.V.'s testimony;

(4) the termination date of the protective order exceeds two years;

(5) Molinar has not been charged nor arrested on any of the criminal allegations that M.V. alleged to obtain the protective order; and

(6) M.V. pursued the protective order as a means of harassment and to terminate Molinar's visitation rights.

On appeal, Molinar raises four issues:

(1) Molinar did not sign the agreed protective order;

(2) the agreed protective order does not comply with Rule 11 of the Texas Rules of Civil Procedure;

(3) the order expired two years after it was signed pursuant to Section 85.025 of the Texas Family Code; and

(4) the trial court did not have authority to enter a protective order prohibiting Molinar from communicating with S.M. because the court did not make a finding that family violence had occurred and that it was likely to occur in the future.

Molinar's motion to vacate did not include the arguments made in Issues One, Two, or Four.

While Molinar's motion to vacate complained that the protective order exceeded two years, the argument he makes in Issue Three is that the protective order expired by operation of law after two years. These are two different arguments. Thus, Molinar did not preserve any of the issues raised on appeal. We overrule Issues One through Four and affirm the judgment of the trial court denying Molinar's motion to vacate the agreed protective order.

February 8, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating